FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2015 MAY -1 PM 12: 43

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

BRANDI WEST, on her own behalf
and on behalf of those similarly
situated to them,

    Plaintiff,

vs.

STEAK N SHAKE OPERATIONS,
INC., a Foreign For Profit
Corporation,

    Defendant._____/

CASE NO.: 6:15-cv-697-ORL-37-DAB

CLASS ACTION ALLEGATIONS

## CLASS AND COLLECTIVE ACTION COMPLAINT & JURY DEMAND

Plaintiff, BRANDI WEST ("Plaintiff"), on behalf of herself and those similarly situated, sues the Defendant, STEAK N SHAKE OPERATIONS, INC., a foreign for profit corporation (hereinafter "Defendant"), for failing to pay minimum wages to all servers/waitpersons (hereinafter "servers" or "class members") who worked in the State of Florida, pursuant to 29 U.S.C. § 201, et al. (hereinafter the "FLSA").

### Nature of Case

1. Defendant, Steak n Shake Operations, Inc., owns and operates "Steak n' Shake Restaurant" restaurant located in Lake Mary, Florida, Seminole County.

2. In an effort to reduce labor costs, Defendant, orchestrated a common policy and practice of forcing servers to work more than twenty percent (20%) of their shift performing non-tipped duties while being paid the reduced tip credit hourly rate.

3. Defendant's illegal practices have cost their servers potentially thousands of dollars of compensation and related damages.

4. Defendant violated the FLSA and Florida Constitution by failing to pay class members that were employed in Florida at any time within the past three (3) years at least the full minimum wage for all hours worked.

## Parties

5. Plaintiff was an hourly paid server who worked for Defendant.

6. Plaintiff, Brandi West, worked for Defendant as a server from approximately December of 2011 through November 22, 2014, in Lake Mary, Florida.

7. The proposed class members worked for Defendant at its Steak n Shake restaurants located in within the state of Florida as servers/waitpersons.

8. Plaintiff and the proposed class members were subjected to similar violations of the FLSA and Florida Constitution.

9. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> All persons who worked for Defendant as servers within Florida during the three (3) years preceding this lawsuit, and who were not paid at least the full minimum wage pursuant to the FLSA for each hour worked.

The precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

## Jurisdiction & Venue

10. This action is brought under the FLSA and Florida law to recover from

Defendant minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

11. This action is intended to include each and every hourly paid server who worked for Defendant at any time within the past three (3) years within the state of Florida.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. This Court has jurisdiction and venue over this complaint as each of Defendant's violations of the FLSA complained of took place in Seminole County, Florida.

## General Factual Allegations

14. Plaintiff worked as a server for Defendant at Steak n Shake Restaurant located in Lake Mary, Seminole County, Florida.

15. Plaintiff and those similarly situated were paid pursuant to a "tip credit" method and were paid the minimum wage minus the tip credit.

16. At all material times (2011-2015), the tip credit deducted was $3.02 per hour.

17. At all material times (2011-2015), Defendant was an enterprise subject to the FLSA's provision on minimum wages.

18. At all material times (2011-2015), Defendant has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce by any person (plates, napkins, cups, cash registers, tables, food and beverage products).

19. Defendant's employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

20. At all material times (2011-2015), Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

21. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant as a result of her use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

22. Defendant is in the business of providing food and drinks to the general public.

23. Specifically, Defendant operates a restaurant located in Lake Mary, Florida.

24. Defendant has employed hundreds of servers/waitpersons ("class members" or the "class") at their restaurant in the last three (3) years.

25. Plaintiff and the class members worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

26. Defendant controlled and/or was responsible for the work of class members.

27. Plaintiff and all similarly situated employees did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendant.

28. Defendant utilized the tip credit and paid Plaintiff and all similarly situated servers under the applicable tipped minimum wage.

29. Notwithstanding Defendant's preference to pay Plaintiff and the class members through the tip credit, Defendant has a practice of regularly utilizing tipped employees to perform work not within the scope of a tipped occupation.

30. Thus, Defendant regularly requires servers to perform duties such as cleaning the front of the house, "opening" and "closing" duties, trash removal, setup tables, etc., but continues to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

31. For this reason, Defendant violated the terms of the tip-credit provision of the FLSA and Florida Constitution's provision on minimum wages.

32. As a result of these common policies, Plaintiff and each similarly situated server is entitled to receive $3.02 for each hour worked as repayment for the tip credit improperly deducted from their wages.

33. During her employment, Plaintiff complained about the illegal practices described above to management of Steak n Shake but the Defendant took no action to stop the illegal practices.

34. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of being improperly paid the tipped minimum wage.

35. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendant.

### Collective Factual Allegations

36. Class members are treated equally by Defendant.

37. Defendant subjected class members to the same illegal practice and policy by paying Plaintiff and those similarly situated the tip-credit minimum wage rate for time spent performing non-tipped duties in excess of twenty percent (20%) of their shift.

38. Defendant has employed several hundred waitpersons who were paid pursuant to a tip credit in the State of Florida within the past three (3) years.

39. Defendant pays class members in the same manner.

40. Plaintiff and all class members worked in the State of Florida.

41. Plaintiff and all class members in the State of Florida were not guaranteed at least the full minimum wage for all hours worked.

42. Plaintiff and all class members were improperly paid the tipped minimum wage per hour.

43. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

44. Defendant failed to maintain accurate time and pay records with regard to work performed by the class members regarding how many hours in each workday are worked in occupations in which the employee receives tips and how many are

worked in any occupation in which the employee does not receive tips.

45. Defendant's failure to keep accurate time and pay records casts the burden on Defendant to disprove the testimony of Plaintiff and all class members regarding the illegal deductions which they were required to pay.

46. During the relevant period, Defendant violated the FLSA and Florida Constitution by improperly taking the tip credit.

47. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

48. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable fees and costs if they prevail.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
(Unpaid Minimum Wages)

49. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 48 above as if stated fully herein.

50. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

51. At all relevant times, Defendant employed, and/or continues to employ Plaintiff and similarly situated servers/waitpersons.

52. As stated above, Defendant has a policy and practice of requiring Plaintiff and other similarly situated servers to perform non-tipped duties while being paid at the reduced tip-credit rate of pay.

53. Such a policy and practice violates the FLSA's tip credit provisions.

54. Defendant's failure to pay Plaintiff and other servers the full minimum wage is a violation of 29 U.S.C. § 206.

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff and other similarly situated employees.

57. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and those similarly situated employees.

58. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and other similarly situated employees time the full and complete minimum wage for each hour worked, Plaintiff and the other similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

59. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

### Relief Sought

WHEREFORE, Plaintiff, BRANDI WEST, on behalf of herself and all other similarly situated employees, demands judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all regular hours worked by Plaintiff and all other similarly situated employees for which Defendant did not properly

compensate them at their correct rate of pay or at least at a rate of no less than the statutory minimum wage;

c) Liquidated damages of if liquidated damages are not awarded the pre and post judgment interest at the highest allowable rate;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Trial by jury on all issues so triable;

f) Any and all further relief that this Court determines to be appropriate.

Respectfully submitted this 31st day of March, 2015.

/s/ Carlos V. Leach
Carlos V. Leach, Esq.
Florida Bar No. 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: cleach@forthepeople.com